Good morning. My name is Ben Coleman. I represent Mr. Charles. Unless the Court had a different preference, I was going to start with the career offender issue. This Court has made clear that when conducting the categorical approach, that the Court looks at the elements of the state offense in comparison to the elements of the federal definition to see if they totally overlap and that the state statute is not overbroad. This Court has yet to address whether, in conducting the categorical approach, whether you also look at the available defenses that the state statute provides for. It's our position that the Eighth Circuit has suggested that you do look at the available defenses in making a categorical approach determination, and that would seem really somewhat fair because when looking at the available defenses, you look at the available defenses that the state statute provides for. So that's an interesting issue, but since we agree that this Court hasn't addressed it, if the review is plain error, how do you win anyway? Well, I agree with you. I think I have a tough hurdle if it's a plain error standard. I think under the plain error standard, I think if you agreed with me on the first that there was error, which I know I have a hurdle there, too, but if you agreed with that, I also think the third and fourth prongs would be satisfied. The big question would be the plainness of the error, the second prong. And if the Court's never – if the Court hasn't spoken on it or if in other circuits there's some difference on that particular point, that makes it hard to say the error is plain. I agree, which is why we're contending it's not plain error and that the – All right. It's our position that this Court has made clear that it's claims that are preserved, not arguments. And in this case, the trial counsel, and I'll admit that his sentencing memorandum wasn't a model of clarity, but he did make the claim that the Court should not sentence Mr. Charles as a career offender. And by making that claim, we believe the trial counsel adequately preserved for appeal the particular argument that I have here. Admittedly, he did not raise this argument, but it's not arguments that have to be preserved. It's claims. There's a similar statute that we have regarding – okay, 11351 involves cocaine, right? Correct. And there's case law on a similar statute involving marijuana, right? Yeah. A similar state statute? Yes. That says that the categorical – that it is categorically a crime, correct? Correct. All right. And there they don't consider the entrapment and all the affirmative defenses that you're talking about. So just the fact that what we're putting in here is cocaine and the other is marijuana, and we have case law that says that the 11359 would qualify as a categorical, and they don't deal with that. Are you not asking us to go where no one's gone? And also, it seems pretty – it seems pretty easy to go from 11359 to 11351.5. Well, I agree with you, and I am asking to go where no one's gone, and I think that's the point, which is that in the other cases that Your Honor is referring to, this issue was never addressed. And because it wasn't addressed, I don't think the case – I don't think those prior cases controlled. Obviously, if they had addressed the issue, they would control. We're – because it would be such an uphill battle, I'm not contending that the reasoning in those other opinions about the – although I think it's questionable, but the reasoning that the purchase element is equivalent to possession under Federal law that therefore the statute applies categorically. While I disagree with that, I understand that's controlling and are not seeking to overturn those cases. I'm making a new argument which wasn't addressed in those cases. So, counsel, you're – you're asking us to follow what the Eighth Circuit did in Medina-Valencia? Is that the case? Correct. Medina-Valencia. Wasn't the statute there very different in structure? I mean, it had within the body of the statute both the offense and the affirmative defense right there. What you're trying to do is bring something that's outside the face of the statute, which, you know, the standard types of common law affirmative defenses to – or defenses, not affirmative defenses, defenses to criminal conduct, and say we have to consider whether any one of those might have been present. Correct. I agree the Eighth Circuit case, the defense was actually included in the statutory scheme that was at issue, whereas here I'm talking about more of a common law defense. And I guess that is a way to distinguish it, but I think the purpose of the categorical approach is to determine whether the conduct that is prescribed by the State law is the same or broader than the conduct that is prescribed under the Federal law. And in this case, I think it's clear that a defendant can be convicted of violating 11351.5 based on evidence that would not sustain a Federal drug conviction. And that's the point of the categorical approach. And the fact that this is a common law defense versus a statutory defense I don't think should matter. Of course, you have two things you have to, I guess, persuade yourself. And one is that you take account of the affirmative defenses. And then beyond that, who has the burden of proof? And I mean, that's an extra step. I don't know that any courts address that kind of a thing. Well, I agree. My argument would be enhanced if California had simply eliminated the entrapment defense. I mean, obviously California has an entrapment defense, but they just placed the burden on the defendant and the defendant has to prove it by a preponderance, whereas in the Federal system, the government has to disprove entrapment beyond a reasonable doubt, which I think is a substantial difference, though. And because of that, you can have a record. The evidence in the record can sustain a State conviction, but that same evidence wouldn't sustain a Federal drug conviction. And I understand that this may be somewhat hyper-technical, but I think that's the inquiry that the categorical approach requires, number one. And number two, from a policy perspective, I think it's important that we look at all these technicalities. I mean, it's not like Mr. Charles is going to go away scot-free if he's not held a career offender. He's still, even under my proposed guideline range, is looking at 12 to 15 years in prison. What the career offender enhancement does is it basically doubles that to about 25 to 30 years in prison, which is virtually someone's entire life. So I know this is a hyper-technical argument, but when you're talking about someone who's still going to do 12 to 15 years if he's not a career offender and you want to bump them up to 25 to 30, I think that there should be a 100 percent exact match between the State prior and the Federal definition. And in this case, there is not. So ---- Well, if there's anything our case has proved, it's that applying the categorical method is extremely technical. It is. And I understand that this is ---- I'm making ---- I'm drawing a fine line between the burden of proof and a common law defense, but that's the technical approach the Supreme Court requires, and until that approach is reversed or overruled, that's the approach that applies. And once again, we would urge that under the Pallaris-Golan case, which says that it's claims that are deemed preserved, not arguments, that this is not a plain error case, and therefore, under de novo review, the Court should reverse Mr. Charles's sentence. Do you want to speak at all to the waiver? It seems to me that the waiver ---- I'm not sure that we can even entertain the argument that the career ---- I know we could entertain an argument that however it may affect criminal history, you can argue the criminal history, but can we really entertain an appeal of the offense level under either waiver? Well, we did make three arguments in our reply brief as to why the language in the appeal waiver provision shouldn't apply here. And the first relates to the criminal history issue. The appeal waiver provision specifically allowed the defendant to appeal any criminal history determination. Right. And the career offender enhancement implicates the criminal history category, because not only does it increase the offense level on the vertical access, but it also increases the criminal history category on the horizontal access to Category 6. Well, I hear your tendency to argue that. Certainly. And so if you ---- we argue it should only be in the Category 5, and the career offender bumps them up to a Category 6. So we think that it's preserved on that ground. In addition, the appeal waiver provision has some unusual language. It said that if the district court ---- if the district court departed upward, then Mr. Charles could appeal. And it's our position that the career offender enhancement constituted an upward departure from the ---- what would have been the regular offense level, and therefore were permitted to appeal under that provision as well. So does ---- how does ---- your final argument has to do with the suspended license. Correct. How does that one point affect your client's sentence? If the one point is removed, if the court were to agree with our position that the one point should be removed, he would drop from a 6 to a 5. But in order for him not to go back into a 6, the court would have to find that he's not a career offender. So it only makes a difference if we rule in your favor on the first issue, or on the first two issues. The Category will only drop from 6 to 5 if the court agrees with us on both issues. Okay. Which is why we believe it's all tied together and why the appeal waiver provision doesn't apply. All right. Okay. Thank you. Thank you, counsel. Good morning, Your Honors. May it please the Court. Martine Estrada on behalf of the United States. Good morning. I feel compelled. Counsel for Appellant was so, you know, I think helpful in sort of stating, you know, where the issues were and how ---- and I really, I truly appreciate that. So I feel sort of similarly that I have. And I love waiver, you know. I mean, waivers are great. I love jurisdictional issues. But it seems to me here your waiver issue isn't very good. And so I'm going to take counsel for the Appellant's lead and just tell you what. It seems to me that he didn't unambiguously waive his right to appeal his designation as a career offender. Although the only right to appeal that Charles expressly retained in the play agreement was the right to appeal the his career, his criminal history category, requiring it to be increased to a sixth. Therefore, what I would say, it's ambiguous whether retention of his right to appeal his criminal history category also means he retained the right to appeal any finding of the district courts, the district court that impacts his criminal history category. And in ambiguity in a plea agreement, it has to endure in favor of the defendant. So that's where, you know, I think you lose on the waiver. But you can fix me otherwise. You know, and the government's position is that it's not ambiguous. In fact, what we have in the Appellant waiver is a waiver, a non-waiver of criminal history, which goes to the Sentencing Guidelines Section 4A1.1. But what the defendant is trying to appeal is his criminal history determination, which is an entirely separate section, which is 4B1.1. And a career offender determination is first and foremost not about criminal history. It's about where the base offense level lies. In this case, it resulted in the defendant going from a base offense level of 32 to a base offense level of 37. But it also has the effect of increasing the points under criminal history category and placing the defendant in every case where he's a career offender. So what did it say in the plea agreement about 34? And this gets him to a 37. Well, that also demonstrates the defendant's waiver was, in fact, knowingly and intentional because what the defendant agreed to in the plea agreement was a base offense level of 32. Minus exceptions to responsibility, that would have resulted in a total offense level of 29. However, in the waiver provision, the defendant agrees to 34. And the only way he could get to an offense level of 34 is if he was first determined to be a career offender, level 37, and then subtract three points for exceptions to responsibility. Therefore, the waiver provision, the fact that the triggering offense is 34, demonstrates the defendant knowingly and intentionally waived his ability to appeal the career offender determination. Now, the fact that you can make it clear, could that be ambiguous to someone else? Our view of the waiver provision is that it's clear, it's nonambiguous. The defendant signed on to the agreement in the plea colloquy, agreed that he'd read the provisions, discussed them with his attorney. Let me ask you this, then. If we were to say it was ambiguous and then get to the merits of it, how would you what would you say the next time under these circumstances that would make it clearer? In terms of redesigning an appellate waiver, I'm sure that it could be redesigned. It would have to be in terms of office policy. I don't do these things on my own. But perhaps specifying sections. But then again, that becomes very problematic. Because, of course, to specify every section in the guidelines which the defendant has waived his appeal to would be basically we'd have an appellate waiver which would last 20 or more pages. Well, that's not really true. Because this is an interesting waiver. This is a limited mutual waiver of appeal and collateral attack. I've seen many plea agreements where the defendant is part of the agreement, waives any and all rights to appeal. It's as simple as that. Appeal anything. And that doesn't take up massive amounts of paper or creative thinking or writing to do that. Correct, Your Honor. And the reason you don't have that one here is that you didn't agree to that. Correct, Your Honor. There are those appellate waivers, and our office does have those. But this is the general appellate waiver that the office uses. I think we should skip over to the substance of the argument. Yes, Your Honor. I would like to address the main claim, which is the queer offender determination. The defendant was actually found to have four predicate offenses, three offenses under 3550 11351.5, and also one offense for willful infliction of corporal injury. The defendant is arguing that the three offenses under 11351.5 don't apply because the court did not look at affirmative defenses. Is there a case specifically on 11351.5? There is, Your Honor. And, Judge Calhoun, you asked about that with the appellant. In fact, there's Morales-Perez, which addresses, under the categorical approach, under Taylor, that Section 11351.5 is categorically a drug trafficking offense. Drug trafficking offense in the sentencing guidelines has been held by this Court to have a definition nearly identical to a controlled substance offense, which is the queer offender definition. There are two minor differences, which the Court has pointed out in Martinez-Rodriguez, but those are immaterial here. The government's position is because the Court has already established that 11351.5 is a drug trafficking offense, that necessarily also establishes that 11351.5 is a controlled substance offense for purposes of the queer offender determination. Now, beyond that, even if the Court were to hold that it's not bound by Morales-Perez, the defendant's argument still should be rejected. The defendant's arguing that the Court should look at affirmative defenses and is arguing this under the categorical approach. However, under Taylor, and under this Court's cases analyzing Taylor, the Court has held that the categorical approach is a limited inquiry. And in Taylor, the Supreme Court specifically states the courts are to look at simply the fact of conviction and the statutory elements of the offense, a limited inquiry into those two issues. The Court did not say that courts were to engage in an analysis of affirmative defenses or various versions of proof. Of course, the Court is aware affirmative defenses are very different from elements of an offense. What the defendant is asking the Court to do would affect in a dramatic restructuring of Taylor, would basically create a sea change in the law, because this Court has numerous decisions involving the categorical approach, numerous decisions involving the categorical approach as it applies to California drug statutes. In none of those cases has the Court ever analyzed affirmative defenses. And that's for good reason, because Taylor specifically says that the Court is to look at elements of the offense and not affirmative defenses. The main case the defendant relies on is the Medina case, the Eighth Circuit case. But that case provides no support to the defendant. In that case, the issue is whether a Texas indecency statute constituted abuse of a minor for purposes of the sentencing guidelines. In that case, the Court, the defendant argued that because the specific elements of the statute didn't include an age disparity between the victim and the defendant, that there was no abuse aspect and it didn't qualify under the guidelines. The Eighth Circuit, however, said that under a subsection of that very statute, there was an affirmative defense for a defendant who is less than three years older than the victim. What the Court did is by looking at that subsection, it found that there was, in fact, an abuse prong and, therefore, the Texas statute qualified it as the abuse of a minor conviction. Now, defendant is extrapolating from that that the Court should look at all affirmative defenses or, as he says, widely accepted affirmative defenses. But that's not what the Eighth Circuit did. The Eighth Circuit did exactly what it's – it was required to do under Taylor, and that's look at the fact of conviction and look at the statutory elements of the offense. It looked no further than the statute. It looked at a subsection of the very statute at issue. But what defendant is asking is that the Court look beyond the statute at issue. The defendant is asking that the Court look beyond 11351.5 at a general affirmative defense. And one of the problematic aspects of the defendant's argument is one that was identified by Judge Canby, and that is that even if this Court were to find that the Court should look at affirmative defenses and should consider affirmative defenses, that wouldn't satisfy a defendant in this case, because in this case, looking at the facts, entrapment is available under California law. Just as under Federal law, entrapment is available. It's an affirmative defense, and it must be presented with evidence to the Court before it even becomes at issue. The difference here is in the burdens of proof that apply to entrapment once it becomes at issue and once it's before a jury. So what the defendant is asking to do is not just look at whether affirmative defenses are available, but look at the different burdens of proof, look at different criminal procedures under different State court procedures, well beyond just looking at affirmative defenses. And that would be the case. All right. Thank you, counsel. You've reached the end of your time. I think we understand the gist of your argument. Thank you, Your Honor. Thank you.  We'll hear from the counsel on the next case.
judges: Canby, Wardlaw, Callahan